UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| PAUL PEDRO GLANTON, | ) Case No. CV 15-1267-AS |
| | ) |
| Petitioner, | ) **MEMORANDUM DECISION AND** |
| | ) |
| v. | ) **ORDER OF DISMISSAL** |
| | ) |
| FEDERAL BUREAU OF PRISONS, | ) |
| RICHARD B. IVES, Warden, | ) |
| | ) |
| Respondent. | ) |

Pursuant to 28 U.S.C. § 636, the parties have consented that the case may be handled by the undersigned United States Magistrate Judge. (See Docket Entry Nos. 5, 6, 9).

## I. INTRODUCTION

On November 19, 2013, Paul Pedro Glanton ("Petitioner"), in federal custody, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody ("Petition"), pursuant to 28 U.S.C. § 2241. (Docket Entry No. 1). The Petition challenges the Federal Bureau of Prisons' refusal to credit against Petitioner's federal sentence certain time

Petitioner spent in state custody prior to the imposition of the federal sentence. Specifically, Petitioner contends that his federal sentence should be credited for the time he spent in Florida state custody, from July 11, 1996 through July 15, 1997. (See Petition at 3; Memorandum of Law with Points and Authorities ["Memorandum"] at 2-9, Attachments A, B and C). On April 28, 2015, Respondent filed an Answer to the Petition ("Answer"). (Docket Entry No. 7). On March 21, 2014, Petitioner filed an "Opposition to Respondents Answer Brief" ("Reply"). (Docket Entry No. 11). For the reasons stated below, the Petition is DENIED and this action is DISMISSED with prejudice.

## II. BACKGROUND

On May 12, 1994, following convictions in the Circuit Court of Miami-Dade Florida in four separate matters, Petitioner was sentenced to state prison for concurrent terms of 5 years (case no. 13-9307579), 27 years (case no. 13-9307754), 20 years (case no. 13-9307754), and 20 years (case no. 13-9309242). (See Memorandum, Exhibit C at 1; Answer, Declaration of Angelicia M. Holland ("Holland Decl.") ¶ 4).

On August 24, 1994, Petitioner was transferred from Miami-Dade Jail to the Florida Department of Corrections, South Florida Reception Center to begin serving the above-referenced sentence. (See Memorandum, Exhibit C at 2; Holland Decl. ¶ 5).

On July 11, 1996, the United States Marshals Service in Tallahasee, Florida lodged a detainer against Petitioner, to allow for Petitioner to stand trial in the United States District Court for the

Western District of North Carolina on the charge of conspiracy to possess with intent to distribute cocaine and cocaine base. (See Memorandum, Exhibit C at 2; Holland Decl. ¶ 6).

On July 12, 1996, pursuant to a federal Writ of Habeas Corpus Ad Prosequendum, Petitioner was transferred from the Florida Department of Corrections to federal custody in order to participate in proceedings in the United States District Court for the Western District of North Carolina. (See Memorandum, Exhibit C at 2; Holland Decl. ¶ 7).

On May 15, 1997, following Petitioner's conviction (pursuant to a guilty plea) for one count of conspiracy to possess with intent to distribute cocaine and cocaine base in the United States District Court for the Western District of North Carolina (United States of America v. Paul Pedro Glanton, Case No. 3:95-CR-07-01), Petitioner received a sentence of 262 months, which was to run concurrently with the sentences imposed in the Florida state court. (See Holland Decl. ¶ 7, Exhibit "A").

On July 8, 1997, the United States Marshals Service lodged a detainer with the Florida Department of Corrections to ensure that at the completion of his state sentence Petitioner would be transferred to federal custody in order to complete his federal sentence. (See Memorandum, Exhibit C at 2; Holland Decl. ¶ 9).

On July 15, 1997, the United States Marshals Service returned Petitioner to the Florida Department of Corrections. (See Memorandum, Exhibit C at 2; Holland Decl. ¶ 8).

Following Petitioner's completion of his state sentence on July 1, 2006, Petitioner was transferred to the custody of the Bureau of Prison pursuant to the detainer that had been lodged by the United States Marshals Service. (See Memorandum, Exhibit C at 2; Holland Decl. ¶¶ 10-11, Exhibit "B" at 2).

The Bureau of Prison has credited the time from May 15, 1997 (the date of the imposition of his federal sentence) through July 15, 1997 (the date Petitioner was returned to the Florida Department of Corrections) against Petitioner's federal sentence. However, the Bureau of Prisons has refused to credit against Petitioner's federal sentence the time from July 11, 1996 through May 14, 1997, because that time was prior to the imposition of the federal sentence and that time was credited against Petitioner's Florida state sentence. (See Holland Decl. ¶¶ 12-13).

According to the Bureau of Prisons, as of April 13, 2015, assuming Petitioner earns all remaining available good time credit, his projected release date is December 6, 2016. (See Holland Decl. ¶ 14, Exhibit "C").

**III.   DISCUSSION**

18 U.S.C. § 3585(a) provides that: "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."

18 U.S.C. § 3585(b) provides that:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; <u>that has not been credited against another sentence</u> (emphasis added).

Here, the Bureau of Prisons properly denied Petitioner credit, against his federal sentence, for the time from July 11, 1996 through May 14, 1997. Petitioner is not entitled to credit prior to the imposition of his federal sentence (May 15, 1997).[1] See <u>Schleining v. Thomas</u>, 642 F.3d 1242, 1247-49 (9th Cir. 2011) (the prisoner's "federal sentence does not begin under 18 U.S.C. § 3585 until he has been sentenced in federal court"). Moreover, Petitioner is not entitled to credit for this time period because he received credit for that time against his state sentence. See <u>United States v. Wilson</u>, 503 U.S. 329, 337 (1992) ("[C]ongress made clear [in 18 U.S.C. section 3585(b)] that a defendant could not receive double credit for his detention time");

---

[1] In his Reply, Petitioner contends that "he should at least be credited with time credited from the date of his admission of guilt." (<u>see</u> Reply at 6). However, 18 U.S.C. § 3585(b) makes it clear that for purposes of receiving credit, the relevant date is the date the sentence was imposed. In any event, Petitioner does not allege, and the Court is unable to determine from the record, the date on which Petitioner admitted guilt in the federal case.

accord Moore v. Milusnic, 2014 WL 4407577, *5 (C.D. Cal. Sept. 18, 2014); Smith v. Williams, 2014 WL 3055900, *4 (C.D. Cal. July 3, 2014); see also Ruggiano v. Reish, 307 F.3d 121, 125 n.1 (3rd Cir. 2002) ("A prisoner detained pursuant to a writ *ad prosequendum* is considered to remain in the primary custody of the first jurisdiction unless and until the first jurisdiction relinquishes jurisdiction over the person. The receiving sovereign - in this case, the federal government - is therefore, considered simply to be 'borrowing' the prisoner from the sending sovereign for the purposes of indicting, arraigning, trying, and sentencing him. . . . For the purposes of computing [the petitioner's] sentence, therefore, the time spent in federal custody pursuant to a writ *ad prosequendum* is credited toward his state sentence, not his federal sentence."), superseded on other grounds by U.S.S.G. § 5G1.3 comment n. 3(E) (2003); Thomas v. Brewer, 932 F.2d 1361, 1366-67 (9th Cir. 1991) (holding that the state retains primary custody over a state prisoner transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum).[2]

///

///

///

---

[2] Petitioner argues that the Florida Department of Corrections did not credit his state sentence from July 11, 1996 through July 15, 1997. (See Memorandum at 6-7, citing to Exhibit C at 5). However, that page does not indicate that Petitioner did not receive state sentence credit for that period. (See Memorandum, Exhibit C at 5). Moreover, the Court has not been able to locate any record contradicting the implied assertion that Petitioner received state sentence credit for that period (see Holland Decl. ¶¶ 8, 10, Exhibit "B").]]

**IV. ORDER**

For the reasons discussed above, IT IS ORDERED that the Petition is denied and this action is dismissed with prejudice.

Dated: June 2, 2015.

```
                              /s/
                         ALKA SAGAR
                UNITED STATES MAGISTRATE JUDGE
```